OPINION
Appellant Dennis Musselman appeals the decision of the Court of Common Pleas, Muskingum County, which established his child support obligation pursuant to a divorce action brought by Appellee Janelle Musselman. The relevant facts leading to this appeal are as follows.
Appellant and appellee were married in Florida in 1989. Three children were born as issue of the marriage. On March 2, 2000, appellee filed a complaint for divorce, to which appellant responded with an answer and counterclaim. The matter proceeded to trial before a magistrate on September 20, 2000. The parties presented to the magistrate a separation agreement in which they agreed to the division of their marital assets and debts, and settled the issue of spousal support. The parties further provided to the court a shared parenting plan, but submitted the issue of child support for the court's review. The plan's stipulations were summarized by the magistrate as follows:
 Dennis Musselman shall parent with the minor children of the parties in accordance with this court's Standard Order of Visitation except that instead of mid-week parenting time, Dennis Musselman shall parent with the minor children every Tuesday, Wednesday and Thursday evening from 4:00 p.m. until 8:00 p.m. and that Dennis Musselman shall parent with the minor children of the parties for two weeks out of the summer instead of five weeks. Janelle Musselman shall parent with the minor children of the parties at all times that Dennis Musselman is not parenting with the minor children.
Amended Magistrate's Decision at 1.
Based on the parties' respective incomes and appellee's annual child care expenses, the annual support obligation of appellant, per line 24 of the worksheet, is $8169, or $226.92 per month per child, while appellee's is $5353, or $148.69 per month per child. On October 25, 2000, the magistrate issued an amended decision recommending child support to be paid by appellant in the amount of $219.45 per month per child, effectively designating appellee as the obligee parent and slightly deviating from appellant's guideline obligation. Appellant objected to the decision of the magistrate; however, the trial court overruled the objections in a judgment entry filed December 28, 2000.
On January 23, 2001, appellant filed a notice of appeal, and herein raises the following two Assignments of Error:
 I. BOTH PARENTS, IN A SHARED PARENTING CASE, ARE REQUIRED TO PAY CHILD SUPPORT AS CALCULATED IN THE CHILD SUPPORT WORKSHEET, RESULTING IN AN OFFSET OF ONE OBLIGATION FROM THE OTHER.
 II. DEVIATION FROM THE SHARED PARENTING SUPPORT GUIDELINES MUST BE SUPPORTED BY FINDINGS OF FACT. ABSENT SUCH FINDINGS, THE CASE SHOULD BE REMANDED TO THE TRIAL COURT.
 I
In his First Assignment of Error, appellant asserts that the trial court erred in failing to offset each parent's guideline support obligation figure against the other based on a shared parenting arrangement. We disagree.
In Booth v. Booth (1989), 44 Ohio St.3d 142, the Supreme Court of Ohio determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In French v. Burkhart (May 22, 2000), Delaware App. No. 99CAF07038, unreported, we acknowledged the meager nature of legislative directive in specifically addressing shared parenting support orders under the former statutory scheme of R.C. 3113.215 (repealed March 22, 2001). After discussing the two main schools of thought on this issue in Ohio, we concluded that "a trial court maintains the discretion whether to accommodate the best interests of children under shared parenting plans by applying either a Weinberger-type[1] offset formula, or calculating a guideline order using the `sole custody calculation with deviations' method." Id. at 3. However, following the submission of briefs in the case sub judice, the Ohio Supreme Court in Hubin v. Hubin (2001),92 Ohio St.3d 240, addressed the very issue before us. The question certified to the Supreme Court was as follows: "When determining the proper amount of child support in a shared parenting case, must a court presume that each parent must pay his or her child support obligation on line twenty-four of the child support worksheet and then order the difference through an offset while reserving the ability to deviate?" SeeHubin v. Hubin (2000), 90 Ohio St.3d 1482. The Court ultimately affirmed the Tenth District Court of Appeals decision which clearly rejected the use of offset formulas in shared parenting support orders. See, also,Hubin v. Hubin (June 30, 2000), Franklin App. No. 99-AP-1156, unreported, at 5, citing Miller v. Miller (Sept. 17, 1999), Hamilton App. No. C-980892, unreported; Botticher v. Stollings (Nov. 4, 1999), Paulding App. No. 11-99-08, unreported. This would appear to limit the tolerance we allowed in French for a trial court's discretion in the application of Weinberger in calculating shared parenting support obligations under former R.C. 3113.215. In light of Hubin, it clearly follows that appellant's theory of a required offset, expressed in this Assignment of Error, is devoid of merit.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends that the trial court erred by failing to state sufficient findings of fact to justify the decision to deviate from the support guidelines. We disagree.
To deviate from the child support guidelines in the statute, the trial court must make findings of fact to support the deviation and must find that the statutorily prescribed amount is unjust or inappropriate and not in the best interest of the child. R.C. 3113.215(B)(1); Marker v. Grimm
(1992), 65 Ohio St.3d 139, paragraph three of the syllabus; Frank v.Frank (Oct. 18, 1999), Morrow App. No. CA 872, unreported. In reference to shared parenting orders, the Ohio Supreme Court concluded in Pauly v.Pauly (1997), 80 Ohio St.3d 386:
 R.C. 3113.215(B)(6) does not provide for an automatic credit in child support obligations under a shared parenting order. However, a trial court may deviate from the amount of child support calculated under R.C. 3113.215 if the court finds that the amount of child support would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child. Thus, only after consideration of the extraordinary circumstances of the parents and other factors set forth in R.C. 3113.215(B)(3) may a trial court deviate from the amount of child support listed in line 24 of the worksheet and reduce the obligor's child support obligations accordingly. Rather than requiring an automatic credit in all instances, this method permits a court to make an evaluation on a case-by-case basis and to deviate when it finds it is in the best interest of the child. In this manner, a court is able to take into account the specific facts of each case.
Id. at 2-3.
In reaching the child support figure of $219.45 per month per child, the magistrate in the case sub judice made the following findings:
 Janelle Musselman has rebutted the presumption under Section 3113.215(B)(1) by a preponderance of the evidence. Because the children will be residing primarily with her, the obligation computed by the applicable worksheet, which is $5,353, would be unjust or inappropriate and not in the best interest of the children. Further, it is appropriate that she not pay Dennis Musselman any child support.
 Dennis Musselman has also rebutted the presumption under Section 3113.215(B)(1) by a preponderance of the evidence. In addition to the Court's Standard Order of Visitation, Dennis Musselman will be spending an extra two evenings per week with the children wherein he will be providing the children with evening meals. However, Dennis Musselman will only be parenting with the children for two weeks out of the summer instead of five. The Court has computed that Dennis Musselman will be parenting with the minor children 12 days in addition to the court's Standard Order of visitation. The court considered each evening that Dennis Musselman parents with the minor children of the parties as 1/3 of an entire day and discounted for the three weeks during the summer that he is not parenting with the minor children. These facts demonstrate that the amount of the support obligation computed by the applicable worksheet, which is $8,169, would be unjust or inappropriate to (sic) and not in the best interest of the children. Based upon these circumstances, the appropriate amount of Dennis Musselman's child support obligation is $219.45 per month per child.
Amended Magistrate's Decision at 3.
Although appellant's assigned error herein does not raise it as such, appellant first contends that the above findings are not supported by the evidence.[2] However, as we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. Upon review of the record, we find no merit in appellant's argument in this regard.
Appellant further challenges, citing French, the trial court's decision as lacking the requisite factual findings to warrant a deviation, resulting in an effective circumvention of the statute. However, our reason for remanding for further findings in French was our concern that the trial court had merely broadly invoked the "other factors" portion of R.C. 3113.215(B)(3), and made "only an indeterminate reference to the amount of time that the children spend with appellant [father]." Id. at 6. In contrast, as previously recited above, the magistrate in the casesub judice made detailed findings and a mathematical computation regarding parenting time, under an arrangement that more closely resembles extended visitation than a pure "50/50" shared parenting plan. See R.C. 3113.215(B)(3)(d). Therefore, we are unwilling to remand this matter as violative of Pauly, supra. See, also, Okey v. Okey (July 23, 2001), Stark App. No. 2000CA00189, unreported, at 6.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Costs to appellant.
Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.
[1] See Weinberger v. Weinberger (May 15, 1998), Hamilton App. No. C-970552, unreported, wherein the First District Court of Appeals held that both parents in a shared-parenting arrangement should be ordered to pay support in accordance with the worksheet, thus resulting in an offset of obligations and a net bottom-line child support figure.
[2] We are thus compelled to reiterate App.R. 16(A)(7), which states that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."